UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| LOUIS A. GENCARELLI, SR., | : | |
| | : | Bk. No. 04-10682 |
| Debtor. | : | (Chapter 11) |
| | : | |

FILED JUN 28 '05 15:27 USBCRI

# MOTION FOR LEAVE TO APPEAL

NOW COME 1800 Smith Street Associates, LP and 1500 Mineral Spring Associates, LP, by and through their General Partner, Jason's Realty Corp. (collectively, the "Creditors"), and hereby move the U.S. District Court for the District of Rhode Island, pursuant to 28 U.S.C. §158(a)(3) and Federal Rule of Bankruptcy Procedure 8001(b), for the entry of an Order granting each of them leave to appeal from the Order and Judgment entered by the U.S. Bankruptcy Court for the District of Rhode Island on June 24, 2005, which overruled the Creditors' objection to, and granted Debtor Louis A. Gencarelli, Sr.'s ("Gencarelli") Motion for authority to release to himself the remainder of the sale proceeds in the bankruptcy estate (*i.e.*, Gencarelli will receive approximately $2.5 million), except for the sum of $1 Million Dollars which will be held by Winograd, Shine & Zachs, P.C. pending further order of the Bankruptcy Court.

In short, a substantial distribution of estate funds was allowed by the Bankuptcy Court and already made to both secured and unsecured creditors even though no Chapter 11 plan of reorganization was ever filed or confirmed. In addition, the Bankruptcy Court has now permitted **three (3) interim distributions to Gencarelli himself in the total combined sum of approximately $5.5 Million Dollars**. Furthermore, under the unique circumstances of this case, as previously demonstrated in: (a) the Creditors' Memorandum in Support of Leave to Appeal, dated November 19, 2004 (docketed with the U.S. District Court for the District of Rhode Island,

C.A. No. 04-496T); and (b) the Creditors' Memorandum in Support of Leave to Appeal, dated January 6, 2005 (docketed with the U.S. District Court for the District of Rhode Island, C.A. No. 05-10T), Gencarelli filed his individual Chapter 11 bankruptcy petition in bad faith and is clearly abusing the bankruptcy process.

Finally, by Order entered on April 7, 2005, a copy of which is attached hereto as Exhibit A, the U.S. District Court for the District of Rhode Island granted the Creditors' Motions for Leave to Appeal, referenced herein, which have been consolidated with another appeal of the Creditors (C.A. No. 05-09T). Thus, in support of this Motion, the Creditors rely upon and incorporate herein by reference the following previously filed documents: (a) their Memorandum in Support of Leave to Appeal, dated November 19, 2004 (C.A. No. 04-496T), together with all Exhibits attached thereto; and (b) their Memorandum in Support of Leave to Appeal, dated January 6, 2005 (C.A. No. 05-10T), together with all Exhibits attached thereto. The latest Bankruptcy Court ruling granting Gencarelli's third Motion for an interim distribution of approximately $2.5 Million Dollars constitutes a further abuse of discretion which warrants appellate review.

1500 MINERAL SPRING ASSOCIATES, LP, and
1800 SMITH STREET ASSOCIATES, LP, by and
through their General Partner JASON'S REALTY
CORP.

By their Attorneys,

Robert D. Wieck, Esq. #1739
Attorney Denean M. Russo #5043
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, Rhode Island 02903
(401) 454-8700
Dated: June 28, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within Motion was served via first-class mail, postage pre-paid, on this 28th day of June, 2005, to the following:

Joseph Ferrucci, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903

Alfred Lane, Esq.
Executive Vice President
Development and General Counsel
Tim Horton's
874 Sinclair Road
Oakville, Ontario CANADA L6K 1Y1

Leonard J. DePasquale, Esq.
Assistant United States Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

Jessica Pandoli
109 Miller Street
Westfield, MA 01085

Michael Kokonowski, Esq.
83 State Street
Springfield, MA 01103

James R. Simmons, Esq.
Nadeau & Simmons
56 Pine Street
Providence, RI 02903

Harold B. Murphy, Esq.
D. Ethan Jeffery, Esq.
Hanify & King
One Beacon Street
Boston, MA 02108-3107

Allan M. Shine, Esq.
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Edwin E. Smith, Esq.
Bingham McCutchen LLP
130 Federal Street
Boston, MA 02110

Michelle B. Daugherty

G:\Sisto, Bennie\Gencarelli, Louis A. Sr\BANKRUPTCY PLEADINGS\Motion for Leave to Appea l- Third Distribution 062705.doc

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

1500 MINERAL SPRING
ASSOC., et al.

v.

C.A. No. 04-496T
C.A. No. 05-010T

LOUIS A. GENCARELLI, SR.

ORDER GRANTING APPELLANTS' MOTIONS FOR LEAVE TO APPEAL

1500 Mineral Spring Associates, LP and 1800 Smith Street Associates, LP ("Movants") are creditors of Louis A. Gencarelli Sr. ("Gencarelli") and have moved for leave to appeal the Bankruptcy Court's November 10, 2004 order denying their motion to dismiss Gencarelli's bankruptcy petition on the grounds that it was filed in bad faith and its December 29, 2004 order overruling Movants' objections to Gencarelli's motion to release $2.5 million of estate funds so that he could pay certain tax liabilities.

The principal factors to be considered in determining whether to permit an appeal from an interlocutory order are whether (1) the order involves a controlling question of law, (2) whether there is substantial ground for difference of opinion with respect to that question, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. Watson v. Boyajian, 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004)

EXHIBIT A

(citation omitted).[1]

A question of law is controlling where no alternative theory exists on which the party could succeed. Id. Substantial grounds for difference of opinion exist where the questions are not settled by controlling authority. Id. at 660. An interlocutory appeal materially advances the ultimate termination of the litigation where resolution of the issue on appeal greatly assists in resolving the underlying matter, and does not unnecessarily delay resolution of the underlying matter. Id.

The District Court must analyze these facts with an eye toward avoiding piecemeal litigation, promoting judicial efficiency, and eliminating delays caused by protracted interlocutory appeals. Williams v. United States, 215 B.R. 289, 298 (D.R.I. 1997).

In this case, it seems clear that, for all intents and purposes, the orders in question are final. There is very little left to be done in Gencarelli's bankruptcy proceeding. Almost all claims have been resolved and nearly all creditors have been paid

---

[1]The Court may also hear appeals from interlocutory orders in bankruptcy proceedings under the collateral order and Forgay-Conrad doctrines. Watson, 309 B.R. at 659. To qualify as a reviewable collateral order, the order must have (1) conclusively determined, (2) an important legal question, (3) completely separate from the merits of the primary action, and (4) be effectively unreviewable from a final judgment on the remaining counts. Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.), 218 B.R. 643, 649 (B.A.P. 1st Cir. 1998). The Forgay-Conrad doctrine has been employed to bestow appellate jurisdiction where irreparable injury to the aggrieved party may attend delaying appellate review until the litigation is over. Id. at 649, n. 8.

in full.[2] In addition, as a practical matter the proposed appeals are intertwined with the Bankruptcy Court's order applying a statutory cap to Movants' claims, an order that is the subject of another appeal by Movants that, already, is pending before this Court. See 1800 Smith Street Assoc., et al. v. Gencarelli, C.A. No. 05-09T.

Nor will hearing these appeals at this juncture delay resolution of the underlying matter because, as already stated, there is little to do in order to wind up Gencarelli's bankruptcy proceeding. In fact, resolving these disputes now will materially advance the ultimate termination of the litigation.

Moreover, allowing the appeals would help to avoid piecemeal litigation and to promote judicial efficiency. It is far more efficient to resolve these appeals together, at one time.

Finally, the issue presented by the motion to dismiss is not settled by controlling authority. What constitutes a "bad faith" filing depends upon "the totality of the circumstances," including such factors as the debtor's financial condition, motives, and the local financial realities. Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.), 235 F.3d 375, 379 (8th Cir. 2000)

---

[2]Gencarelli's counsel represented that there were professional fee applications and about $300,000 of remaining minor claims to be resolved by the bankruptcy court, whereas the estate held approximately $5 million in cash. In addition to the minor outstanding claims before the bankruptcy court, an appeal by another creditor is currently before this Court. See UPS Capital Bus. Credit v. Gencarelli, C.A. No. 05-39T.

("There is no single test for determining when a debtor has filed in bad faith. Rather, courts consider the totality of the circumstances, including the court's evaluation of the debtor's financial condition, motives, and the local financial realities."); see also In re Liberate Technologies, 314 B.R. 206, 211 (N.D. Cal. 2004) ("Whether a petition is filed in good faith is to be determined upon consideration of all the facts and circumstances of the case.").

For the foregoing reasons, Appellants' motions for leave to appeal are granted.

These matters will be consolidated for hearing with C.A. No. 05-09T.

IT IS SO ORDERED,

Ernest C. Torres

Ernest C. Torres, Chief Judge
Date: April 7 , 2005

Organization Name: ROBERT WIECK

Fax Number: 1-401-454-8755

Phone Number:

# From:

Sender: Ryan Jackson

Phone Number: 752-7210

Fax Number: 752-7247

*Note: You may send a Fax directly to your party by dialing:*
*752-7255#and then the last four digits of your party's phone number##*
*Example: 752-7255#7237##*
*Please remember the pound (#) symbols are important in routing the fax properly.*

**Total Number Pages including cover:** 5

# Message: